# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: K.H. II, E.M., and E.L.M.**

**No. 13-0835** (Ritchie County 12-JA-1, 12-JA-2, and 12-JA-16)

## MEMORANDUM DECISION

Petitioners Mother and Father filed this joint appeal by their respective counsel, Paul V. Morrison II and Joseph W. McFarland Jr. Their appeal arises from the Circuit Court of Ritchie County, which terminated their parental rights to the subject children by order entered on August 12, 2013. The guardian ad litem for child K.H. II, B. Scott Wolfe, filed a response in support of the circuit court's order. The guardian ad litem for children E.M. and E.L.M., Jessica E. Myers, also filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, also filed a response in support of the circuit court's order. Petitioners argue that the circuit court erred in (1) finding that they failed to substantially comply with their post-adjudicatory improvement period, (2) denying their motion for a dispositional improvement period, and (3) terminating their parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, the DHHR filed an abuse and neglect petition against petitioners, with regard to children K.H. and E.M. The petition alleged that Petitioner Father physically restrained K.H., who was then four years old, in a head lock, busted his lower lip, and shook him. The petition also alleged unsafe and unsanitary home conditions, such as (1) lack of hot water, (2) chain saws and other potentially dangerous items within reach of the children, (3) fresh and dried animal feces strewn about the home and smeared on the bedding, (4) the children's exposure to lead paint and their positive tests for lead poisoning, (5) the inadequate amount of heat in the home to the degree that the children were cold to the touch, (6) a hole in the floor upstairs with nothing to prevent the children from falling through it, and (7) the children were filthy. The petition further alleged that petitioners did not acknowledge the home conditions as a threat to the children and that Petitioner Mother did not acknowledge that Petitioner Father's violence and aggression toward the children was a threat. At adjudication, petitioners stipulated to neglect by their failure to provide a safe and healthy home to the children and through their improper care and supervision of them. The circuit court granted petitioners a post-adjudicatory improvement period with conditions that included maintaining a safe and appropriate home, participating in parenting and adult life skills classes, and submitting to a psychological evaluation. The circuit court also ordered that Petitioner Father complete anger management

1

classes. During the course of their improvement period, the DHHR found a trailer for petitioners to move into, but they refused to do so.

After E.L.M.'s birth in September of 2012, the DHHR filed an amended petition to include him in the instant case. At petitioners' adjudicatory hearing on E.L.M., the circuit court found that petitioners were neglectful based on the continuing unfit condition of the home. Petitioners received an extension to their improvement period.

Throughout the months prior to the dispositional hearing in July of 2013, the DHHR attempted to make scheduled home visits to the family's home. However, on one occasion, petitioners cancelled and another time, petitioners were not at home. In March of 2013, the DHHR visited and found that the home was inappropriate and that petitioners had made little progress in making improvements to the home. At the dispositional hearing on July 19, 2013, the circuit court heard testimony from the family's DHHR worker, a counselor and supervisor from Eight Brothers Counseling and Mediation, Petitioner Mother, and Petitioner Father. The circuit court denied petitioners' motion for a dispositional improvement period and terminated their parental rights to all three children after finding that the home remained unfit for the children throughout the case. For instance, at the time of disposition, the home had open upstairs windows without screens, the wall-mounted gas heaters remained open and accessible to the children, only one exit of the home was unobstructed, and the stairwell "wall" was incomplete. The circuit court found that petitioners demonstrated an unwillingness to make the efforts necessary to remedy the subject deficiencies and that they continually blamed others for their lack of progress. From this termination order, petitioners jointly appeal.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioners raise three assignments of error on appeal. First, they argue that the circuit court erred in finding that neither of them substantially complied with the terms of their post-adjudicatory improvement period. They assert that they remedied nearly all of the safety concerns, completed all parenting and life skills classes offered by the DHHR, and had regular

visitation with the children. Second, petitioners argue that the circuit court erred in denying their motion for a dispositional improvement period. They contend that they should have received another improvement period because they had remedied nearly all of the dangerous conditions that were previously identified in their home. Lastly, petitioners argue that the circuit court erred in terminating their parental rights because they remedied the conditions present at the time the DHHR filed the petition.

Upon our review of the record, we find no error by the circuit court. Pursuant to West Virginia Code § 49-6-12(d), once a parent is granted an improvement period, he or she is responsible for the initiation and completion of all terms of the improvement period. In the order on appeal, the circuit court found that petitioners waited until a week before the dispositional hearing to remedy unsafe and unsanitary conditions of the home. Petitioners contend that this finding was in error. We disagree. Our review of the record reveals that petitioners failed to make consistent and diligent efforts to maintain an appropriate home. At the dispositional hearing, Petitioner Father admitted that the home was not suitable for his children until "yesterday," the day before the hearing. Petitioner Father also testified that the open windows still lacked screens and that the hot water tank had an exposed valve.

We also find no error by the circuit court in denying petitioners' motion for a dispositional improvement period. Pursuant to West Virginia Code § 49-6-12, a parent who wishes to participate in an improvement period must file a written motion and demonstrate by clear and convincing evidence that he or she will substantially comply with the terms of an improvement period. The circuit court has the discretion to grant or deny such a motion. Our review of the record indicates that petitioners did not meet their burden in proving by clear and convincing evidence that they would substantially comply with another improvement period. For instance, the DHHR worker testified at the dispositional hearing that she did not believe that the house was currently a safe environment for the children or that the children could be protected despite the in-home services that had been provided to petitioners. Petitioners' counselor testified that petitioners tended to make a concerted effort right before an inspection so that the house was clean at the time of the inspection but quickly reverted to its dirty state thereafter.

Lastly, we find no error by the circuit court by ordering termination. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Petitioners argue that the circuit court made no findings upon which to base termination of parental rights. We find this contention without merit. West Virginia Code § 49-6-5(b)(3) provides that a parent's failure to follow through with a reasonable family case plan constitutes circumstances in which there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected. The evidence and testimony provided in the dispositional hearing support the circuit court's findings that, after more than a year, petitioners failed to substantially comply with the terms of their improvement period. Upon our review, we find that the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II